EXPLOSIVE CHEMICAL Co., INC., Respondent, *v.* WILLIAM S. GRAY & Co., Appellant.*

Supreme Court, Appellate Term, First Department, November 10, 1925.

Assignments — validity — action to recover money paid by plaintiff to United States Navy Department on return by it of empty acetone drums — plaintiff, after obtaining contract to furnish consignment of acetone to Navy Department, effected agreement with defendant to furnish chemical, giving assignment therefor — plaintiff, on obtaining contract from government, agreed to make allowance on return of empty drums — assignment executed by plaintiff to defendant mere agreement to secure defendant for purchase price of consignment — judgment for defendant.

The plaintiff, who, upon effecting an agreement with the United States Navy Department to furnish it with a consignment of acetone to be delivered in drums, contracted with the defendant to furnish the order upon a commission to plaintiff, and thereafter gave defendant an assignment of the " entire sum out of the contract," is not entitled to recover the amount of money paid the Navy Department under a recital in its contract with plaintiff that it would receive an allowance upon the return of the empty drums, on the theory that the correspondence between the parties as to the order constituted an assignment by plaintiff to defendant of plaintiff's contract with the Navy Department, since the assignment given defendant by plaintiff was merely intended to secure the defendant for the purchase price.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of plaintiff, entered after both sides had moved for a directed verdict.

---

* Reversing 124 Misc. 333.

*Isidor Neuwirth* [*George D. Zahm* of counsel], for the appellant.

*Joseph Dannenberg*, for the respondent.

PER CURIAM:

Plaintiff had made an agreement with the United States Navy Department to furnish the latter with 20,000 pounds of acetone to be delivered in drums. It was further provided that the government might at its option return the drums if in good condition to the contractor and receive an allowance of twelve dollars apiece therefor. Subsequently plaintiff wrote defendant as follows:

" EXPLOSIVE CHEMICAL CO., INC.,
" *March 3, 1924*
" WILLIAM S. GRAY & CO.,
" 342 Madison Ave.,
" City:

" GENTLEMEN.— Confirming conversation had with your Mr. Burr, we hereby confirm arrangement entered into with your company, whereby you have agreed to supply us with 20,000 pounds Acetone to be delivered in accordance with our contract No. 59721, dated February 18, 1924, with the Navy Department at Brooklyn, New York.

" It is understood that we are to give you a legal assignment of this contract which we have with the Navy Department, and also to advise the Finance Officer to mail to you their voucher in payment for these goods after same have been delivered. We have arranged to have the acetone inspected and approved at your Newark warehouse before delivery is made to the Brooklyn Navy Yard. This material has been sold by us at $.20344 per lb., delivered, and it is agreed that after you have received payment you will immediately remit to us our commission of 1¢ per lb.; on the net amount of the tonnage supplies.

" Kindly confirm the above arrangement and oblige,
" Very truly yours,
" EXPLOSIVE CHEMICAL CO., INC.
" (Sgd) WILLIAM PHILLIPS, *Pres.*"

and defendant replied

" WILLIAM S. GRAY & CO.
" *March 4th, 1925.*
" EXPLOSIVE CHEMICAL CO.,
" 17 West 42nd Street,
" New York City:

" GENTLEMEN.—

" *Attention: Mr. Phillips.*

" This will acknowledge receipt of your letter of March 3rd with reference to your contract No. 59721, dated February 18th,

1924 for twenty thousand (20,000) pounds, 10% more or less, Acetone to be delivered to the Navy Department, Brooklyn, N. Y. It is understood that after material has been delivered and paid for we are to remit to you 1¢ per lb. as your commission in this sale. This will make the price which you are to pay us $.19344 per lb.

" With regards to the assignment which you enclosed with the above mentioned letter we would request that you have this sworn to before a Notary Public. We are enclosing the same herewith and would request that you return it at your earliest convenience. We would also like to have a copy of the letter which you wrote to the Finance Officer requesting him to mail the voucher in payment of these goods to us.

" Your prompt attention to these matters will be very much appreciated, and we desire to take this opportunity to thank you for this business.

" Very truly yours,
" WM. S. GRAY & CO.
" ELB:LA By: E. L. BURR (sgd) "

The assignment referred to, put in evidence by the plaintiff, reads so far as material:

" KNOW ALL MEN BY THESE PRESENTS, THAT EXPLOSIVE CHEMICAL CO. * * * has sold, assigned and set over * * * unto WILLIAM S. GRAY & Co. * * * the sum of $4,068.80 being the entire sum out of the contract * * * for 20,000 pounds of acetone * * *.

" And does hereby give the same William S. Gray & Co. * * * full power and authority for its own use and benefit to * * * collect * * * said sum * * *."

On the assumption that the original negotiations between the parties and the letters quoted covered or constituted an assignment by the plaintiff to the defendant of plaintiff's contract with the government, plaintiff has sued defendant for $684, the amount which plaintiff was compelled to pay the Navy Department upon the return of the drums in accordance with the terms of the agreement, defendant having refused to reimburse plaintiff therefor.

The learned judge below has written that the letters " confirmed the arrangement as to assignment," and much of the contention before us has been in reference to whether there has been an actual express assignment of the contract or whether from such an assignment there was to be inferred an obligation on the part of defendant to accept the return of the drums, which apart from the delivery of the acetone was the only obligation of the plaintiff, and finally

whether such an assignment could be regarded as valid in the light of a provision against assignability in the contract itself and certain provisions referring thereto in the United States statutes. All of these contentions seem to us to be wholly beside the mark since it is plain that there never was an assignment of the contract. Plaintiff's own letter expresses the agreement to be a purchase by plaintiff from defendant of 20,000 pounds of acetone, and the assignment itself, manifestly intended to secure the defendant for the purchase price, expressly transfers only the " sum of $4,068.80 out of the contract." We need not, therefore, refer to many other incidents of the transaction which confirm this interpretation of the agreement since by its express terms it is perfectly clear that defendant never undertook anything other than to furnish the acetone for the price mentioned in the contract of the Navy Department and to pay plaintiff a certain commission thereon.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of defendant, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.